UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT A. TRIBBLE,                                  :

                Petitioner,            :          09 Civ. 3119 (AJP)

   -against-                                       :          **OPINION AND ORDER**

WARDEN J. M. KILLIAN; AL WELCH,      :

                Respondent.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Pro se petitioner Robert A. Tribble, an inmate at the Federal Correctional Institute in Otisville, New York ("FCI Otisville"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the loss of good-time credits while incarcerated at United States Prison ("USP") Atlanta when a Discipline Hearing Officer sanctioned him with the loss of twenty-seven days of good-time credits for engaging in consensual sexual intercourse with another inmate and then claiming he was raped.  (Dkt. No. 1: Pet. ¶ 12(B); Dkt. No. 6: Pet. Addendum Pt. I; Dkt. No. 12: Tribble 6/2/09 Letter to Court.)  Tribble previously brought the same claim in the Northern District of Georgia, and that action still is pending.

        The parties have consented to decision of this petition by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 8.)

For the reasons set forth below, Tribble's habeas petition is transferred to the United States District Court for the Northern District of Georgia for consolidation with his prior action pending there.

## FACTS

**Occurrences at USP Atlanta and Tribble's N.D. Ga. Lawsuits**

On March 4, 2008, Tribble filed a Request for Administrative Remedy with the Bureau of Prisons ("BOP") Southeast Regional Office alleging that members of the USP Atlanta staff racially discriminated against him.  (Dkt. No. 15: Mason Aff. ¶ 7 & Ex. E at 1.)  Tribble claimed that an inmate had drugged and raped him, and although Tribble had reported the incident, the USP Atlanta staff failed to do a "real" investigation because Tribble was "white and the other's [sic] black."  (Mason Aff. Ex. E at 1.)  The BOP Regional Office rejected Tribble's request for failure to exhaust prison-level administrative remedies.  (Mason Aff. ¶ 8 & Ex. E at 2.)

Tribble filed a Bivens complaint in the Northern District of Georgia, Tribble v. Warden, No. 08-CV-0494 (N.D. Ga.), and amended that complaint on March 20, 2008.  (Mason Aff. ¶¶ 9 & Ex. F.)[1]

On March 24, 2008, Lieutenant Michael Howard filed an Incident Report regarding Tribble's rape claim.  (Mason Aff. ¶ 11 & Ex. H.)  Lt. Howard's report stated that the evidence did not support a finding of rape, but did support a finding that Tribble had engaged in consensual sex

---

[1]  On June 9, 2008, the U.S. District Court for the Northern District of Georgia dismissed Tribble's Bivens complaint in 08-CV-0494 as "frivolous." (Mason Aff. ¶ 10 & Ex. G.)

with another inmate. (Mason Aff. Ex. H.) Lt. Howard referred the matter to a Discipline Hearing Officer ("DHO"), who found Tribble guilty of "[e]ngaging in a [s]exual [a]ct" and "[l]ying [or] [p]roviding a [f]alse [s]tatement" and sanctioned him with, inter alia, loss of twenty-seven days of good-time credit. (Mason Aff. ¶ 12 & Exs. H-I.)

On April 21, 2008, following the DHO's ruling, Tribble filed a combined Bivens and habeas corpus action in the Northern District of Georgia against Lt. Howard, alleging that Lt. Howard falsified the Incident Report regarding Tribble's alleged rape in retaliation for Tribble's amended complaint in his prior Georgia case of Tribble v. Warden. (Mason Aff. ¶ 17 & Ex. M: Tribble v. Howard, N.D. Ga., 08-CV-1488.) Tribble demanded: (1) "meaningful[] and timely" access to administrative remedy procedures; (2) reinstatement of twenty-seven days of good-time credit; and (3) expungement of the Incident Report from his record. (Mason Aff. Ex. M, ¶ V.) That case is still pending in the Northern District of Georgia. (Mason Aff. ¶ 18 & Ex. N: Tribble v. Howard, N.D. Ga., 08-CV-1488, docket sheet.)[2]

**Tribble's Transfer from USP Atlanta to FCI Otisville and This Action**

On June 25, 2008, Tribble was transferred from USP Atlanta to FCI Otisville in New York. (Mason Aff. Ex. D.) On October 31, 2008, Tribble requested that he be placed in protective custody. (Mason Aff. ¶ 22 & Ex. R.) FCI Otisville complied with Tribble's request "due to serious

---

[2]   On June 30, 2009, Judge Pannell denied the defendant's motion to dismiss the Tribble v. Howard suit. (N.D. Ga., 08-CV-1488, Dkt. No. 32: 6/30/09 Order.)

4

danger of bodily harm should he be released into FCI Otisville's general population." (Mason Aff. ¶¶ 24-25 & Ex. R.)

On April 1, 2009, Tribble brought the instant action against Warden J.M. Killian and Al Welch of FCI Otisville. (Pet.; Pet. Addendum.) Tribble claimed that he was (1) excluded from participation in inmate-run programs due to racial discrimination; (2) denied timely access to administrative remedy procedures; and (3) unlawfully detained in the prison's Special Housing Unit ("SHU"). (Pet. ¶¶ 12(A), 12(C)-(D); Pet. Addendum.) Tribble also reiterated his claims from Tribble v. Howard, No. 08-CV-1488 (N.D. Ga.), that he was improperly deprived of twenty-seven days of good-time credits following a disciplinary determination that he had engaged in consensual sexual intercourse with another inmate at USP Atlanta. (Pet. ¶ 12(B); Pet. Addendum.) Tribble sought (1) expungement of the Incident Report; (2) reinstatement of twenty-seven days of good-time credits; (3) "timely [and] meaningful" access to administrative relief at FCI Otisville; and (4) release into the general prison population at FCI Otisville, or transfer to another institution. (Pet. ¶ 14; Pet. Addendum.)

Tribble's transfer request recently was approved and Tribble is in the process of being transferred to FCI in Pekin, Ill. (Mason Aff. ¶¶ 28-30 & Ex. V; Dkt. No. 12: Tribble 6/2/09 Letter to Court.) As a result, Tribble amended his petition to drop all claims relating to his detention at FCI Otisville because they were "moot and a waste of time." (6/2/09 Tribble Letter to Court.) Tribble also had confirmed in a May 11, 2009 letter to the Court that this action was a habeas action not a Bivens action. (Dkt. No. 10; see also Dkt. No. 9: 5/26/09 Memo Endorsed Order on Gov't

5/20/09 Letter.)[3/]  Tribble's habeas petition as amended by Tribble's letters now contains only the "single issue" of the reinstatement of the twenty-seven days of good-time credits arising from Tribble's detention at USP Atlanta.  (6/2/09 Tribble Letter to Court; see also Dkt. No. 9: 5/26/09 Memo Endorsed Order.)  This claim is identical to the habeas claim previously raised in the ongoing N.D. Georgia action of Tribble v. Howard,  No. 08-CV-1488.  (See 6/2/09 Tribble Letter: "The government (Respondent) need only address the single issue of the (27) twenty-seven days good time alleged[ly] taken in violation of petitioner's First Amendment Rights, and in retaliation thereof.  Tribble v. Howard, 08-CV-1488 (CAP) N.D.G.")

## ANALYSIS

### TRIBBLE'S HABEAS PETITION IS TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA BECAUSE HIS GOOD TIME CREDIT HABEAS CLAIM WAS FIRST FILED THERE

A prisoner's challenge to loss of good time credits affects the length of his sentence, and thus must be brought in a habeas petition, not in an action under § 1983 (for state prisoners) or Bivens (for federal prisoners).  See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'  He must seek federal habeas corpus relief (or appropriate state relief) instead.") (citations omitted); Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997) (holding that a habeas corpus petition is the sole remedy for a claim that

---

[3/]  Since defendant Welch was only a defendant on Bivens-type claims now dismissed, and is not a proper defendant on a habeas petition, the claims against defendant Welch are dismissed with prejudice.

necessarily implies the invalidity of a punishment imposed); Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."); Preiser v. Rodriguez, 411 U.S. 475, 499 n.14, 93 S. Ct. 1827, 1841 n.14 (1973) ("If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus . . ."); Peralta v. Vasquez, 467 F.3d 98, 104 (2d Cir. 2006) ("[T]he overall length of their confinement, and [the] punishments related to their term of imprisonment, or the procedures that led to them . . . must be attacked through a habeas petition."), cert. denied, 127 S. Ct. 3006 (2007).

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 2717 (2004) (alteration in original); see also, e.g., Wales v. Whitney, 114 U.S. 564, 574, 5 S. Ct. 1050, 1055 (1885). However, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court [where petitioner filed the petition] retains jurisdiction." Rumsfeld v. Padilla, 542 U.S. at 441, 124 S. Ct. at 2721.[4/]

Tribble first brought a mixed Bivens/habeas complaint in the Northern District of Georgia (Tribble v. Howard, No. 08-CV-1488) challenging his loss of good time credits. (See page

---

[4/] See also, e.g., Ex Parte Mitsuye Endo, 323 U.S. 283, 307, 65 S. Ct. 208, 220-21 (1944); Miller v. Reilly, No. 06 CV 6485, 2007 WL 433394 at *2 (E.D.N.Y. Feb. 5, 2007); Boone v. Menifee, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005) ("It is settled law that the Bureau of Prisons cannot deprive a federal court of jurisdiction to hear a habeas petition by transferring an inmate to another facility after his petition is filed."), report & rec. adopted, 03 Civ. 2593, 2005 WL 2234031 (S.D.N.Y. Sep. 13, 2005).

7

3 above.) That action is still pending. (See page 3 & n.2 above.) The Northern District of Georgia did not lose jurisdiction over Tribble's habeas challenge to his loss of good time credits when Tribble was transferred to FCI Otisville. His single-issue habeas petition in the present case is completely duplicative of his loss of good time credits claim in Tribble v. Howard, No. 08-CV-1488 (N.D. Ga.). Perhaps Tribble reasserted his loss of good time credits claim in this District because he was in a new warden's immediate custody and he may erroneously have believed that the Northern District of Georgia no longer possessed jurisdiction over his first petition.[5/] However, because USP Atlanta's warden was Tribble's immediate custodian when he filed his first petition, the Northern District of Georgia still retains jurisdiction over that petition challenging his loss of good time credits.

This Court could simply dismiss this petition as duplicative or transfer it to the Second Circuit as a successive petition. On the peculiar facts of this case, however, the better procedure is to transfer this case to the Northern District of Georgia for consolidation with Tribble v. Howard, the first filed action. E.g., Smart v. Goord, 21 F. Supp. 2d 309, 313 (S.D.N.Y. 1998) (district court can transfer a habeas petition so long as it could have been brought originally in the transferee jurisdiction); see, e.g., Employers Ins. of Wausau v. Fox Entm't Group, Inc., 522 F.3d 271, 274-75 (2d Cir. 2008) (Under the first-filed rule, "[a]s a general rule, '[w]here there are two competing lawsuits, the first suit should have priority.'"); D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) (same); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d

---

[5/] To the extent Tribble may have felt it was more convenient to him to litigate his good time credit claim in this District once he was transferred to FCI Otisville, that "convenience" has disappeared now that he is being transferred (at his request) to a prison outside of this District. Moreover, habeas petitions generally are decided on the papers, without discovery or physical appearances in court. In any event, jurisdiction and venue are not based on the petitioner's convenience but the location of his custodian at the time suit was brought.

Cir. 1989) (It is a "well-settled principle in this Circuit that '[w]here there are two competing lawsuits, the first suit should have priority.'").

## CONCLUSION

For the reasons set forth above, Tribble's § 2241 habeas petition challenging his loss of good time credits is transferred to the Unitd States District Court for the Northern District of Georgia. The Clerk of Court shall transfer this petition to the Northern District of Georgia and close the case in this District.

SO ORDERED.

Dated:   New York, New York
         July 13, 2009

_____
Andrew J. Peck
United States Magistrate Judge

Copies to:   Robert A. Tribble
             Natalie N. Kuehler, Esq.

H:\OPIN\TRIBBLE